IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS HODGES and CHERYL HODGES, Individually and as guardian of Thomas Hodges,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA ROLLIN BEARSS, M.D., BENEFIS MEDICAL GROUP and JOHN DOES I-III,<br><br>Defendants. | CV-19-46-GF-BMM<br><br>ORDER |

Plaintiffs Cheryl and Thomas Hodges (collectively "Hodges") move to exclude any evidence or testimony pertaining to the alcohol addiction and Drug Enforcement Agency ("DEA") license revocation of their expert witness, Judy Schmidt, M.D. ("Dr. Schmidt"). (Doc. 80 at 13–14). Defendant Benefis Medical Group ("Benefis") opposes the motion in limine. (Doc. 88 at 7–8). The Court held a hearing on this motion on December 8, 2021. (Doc. 89). The Court ordered supplemental briefing on the relevance of Dr. Schmidt's alcohol addiction and DEA License Revocation. (Doc. 93 at 11). Parties submitted supplemental briefing

on this issue. (Docs. 97; 102). The Court now DENIES in part and GRANTS in part.

Specific instances of conduct may be admissible on cross-examination if it is probative of the witness's character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. R. Evid. 403.

Dr. Schmidt's alcohol addiction is not probative of her character for truthfulness or untruthfulness. Dr. Schmidt last sought treatment for alcohol addiction from the Montana Physicians Assistance Program more than a decade ago. (Doc. 97 at 2). Benefis fails to present any evidence that Dr. Schmidt has struggled with alcohol addiction since that time, nor does it appear that her past alcohol addiction affected her opinions in this case. Alcoholism alone has no bearing on a witness's veracity absent evidence that intoxication impacted the witness's actual testimony. *See United States v. DiPaolo*, 804 F.2d 225, 229 (2d Cir. 1986). The Court determines that Dr. Schmidt's past battle with alcohol addiction shall be excluded as it lacks any bearing on her testimony in this case.

The revocation of Dr. Schmidt's DEA license proves relevant to her credibility as an expert medical witness. Any deficit in an expert's qualifications go to the weight of an expert's testimony. *See United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993); *see also United States v. Bilson*, 648 F.2d 1238, 1239

(9th Cir. 1981) (whether an expert witness was licensed as a psychologist went to the weight of his testimony regarding psychological matters). Plaintiffs point out that the revocation of Dr. Schmidt's DEA license was brief, attenuated in time from her present testimony, and that the revocation did not impact her medical license. (Doc. 97 at 4–5). These factors may impact the weight the jury may choose to assign the revocation, but they do not impact its admissibility.

The Court determines that the probative value of Dr. Schmidt's DEA license revocation is not significantly outweighed by undue prejudice. Both the circumstances of Dr. Schmidt's revocation and the attenuation of those events from her testimony in this case provide ample opportunity for Plaintiffs to explain Dr. Schmidt's DEA license revocation to the jury. The Court determines that there is no need for Dr. Schmidt's DEA license revocation to be excluded at trial.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs Thomas and Cheryl Hodges's Motion in Limine (Doc. 79) is **GRANTED, IN PART,** and **DENIED, IN PART**.

Dated this 8th day of April, 2022.

_____
Brian Morris, Chief District Judge
United States District Court