# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS HODGES and CHERYL HODGES, Individually and as guardian of Thomas Hodges, | **CV-19-46-GF-BMM** |
| Plaintiffs, | **ORDER** |
| v. | |
| BENEFIS MEDICAL GROUP, and JOHN DOES I-III, | |
| Defendant. | |

The Court, having considered the parties' proposed instructions, the Ninth Circuit's pattern instructions, the Montana Civil Pattern Instruction 2d Edition, and applicable statutory and case law, submits the following proposed final jury instructions for the May 2, 2022 trial. The Court reserves final decision on the inclusion of the instructions related to informed consent and the second instruction regarding present cash value. The Court will consider any objections or concerns at the pretrial conference at 8:30 a.m. on May 2, 2022, at the Federal Courthouse in Great Falls, Montana.

DATED this 29th day of April, 2022.

Brian Morris, Chief District Judge
United States District Court

PRELIMINARY INSTRUCTIONS

*Thomas Hodges and Cheryl Hodges*

*v.*

*Benefis Medical Group and John Does I-III*

4:19-cv-00046-GF-BMM

## PRELIMINARY INSTRUCTION NO. P-1

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties. Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## PRELIMINARY INSTRUCTION NO. P-2

To help you follow the evidence, I will give you a brief summary of the case:

This is a civil action between the Plaintiffs, Tom and Cheryl Hodges, and the Defendant, Benefis Medical Group. The Hodges allege that Benefis Medical Group, through its employee Rollin Bearss, M.D., was negligent in providing medical care to Tom Hodges and caused injury.

Benefis Medical Group denies these allegations.

## PRELIMINARY INSTRUCTION NO. P-3

The evidence you are to consider in deciding what the facts are consists of the following items:

1. the sworn testimony of any witness;

2. the exhibits that are received into evidence; and

3. any facts to which the lawyers stipulate or agree.

## PRELIMINARY INSTRUCTION NO. P-4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the Court was not in session is not
        evidence. You also must not consider anything you may have seen or
        heard when the Court was not in session, even if what you saw or heard
        came from people involved in the case. You are to decide the case
        solely on the evidence received at the trial.

## PRELIMINARY INSTRUCTION NO. P-5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## PRELIMINARY INSTRUCTION NO. P-6

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

## PRELIMINARY INSTRUCTION NO. P-7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## PRELIMINARY INSTRUCTION NO. P-8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things to which the witness testified;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may

consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

If you decide, however, that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things, but told the truth about others, you may accept the part that you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## PRELIMINARY INSTRUCTION NO. P-9

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave at the end of the day, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of what was said. Notes should be used only to assist your memory. You should not be overly influenced by your own notes or the notes of other jurors.

## PRELIMINARY INSTRUCTION NO. P-10

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or

anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other  reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## PRELIMINARY INSTRUCTION NO. P-11

Do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

At the end of the trial, you will have to make your decision based on what you recall of the evidence presented during the trial. Additional evidence cannot be introduced once the evidence record is closed. You will not have a transcript of the trial. Therefore, I urge you to pay close attention to the testimony as it is given.

## PRELIMINARY INSTRUCTION NO. P-12

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## PRELIMINARY INSTRUCTION NO. P-13

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## PRELIMINARY INSTRUCTION NO. P-14

In a civil case such as this one, the party that makes a claim or an affirmative defense must prove that claim or affirmative defense by the greater weight of the evidence, sometimes referred to as the preponderance of the evidence. This is called the burden of proof.

A party who has the burden of proof must persuade you by the evidence that its claim or its affirmative defense is more probably true than not true. In other words, the evidence supporting the propositions, which a party has the burden of proving, must outweigh the evidence opposed to it. In determining whether a party has met this burden, you will consider all the evidence whether produced by the Plaintiff or Defendant.

## PRELIMINARY INSTRUCTION NO. P-15

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

COURSE OF TRIAL INSTRUCTIONS

*Thomas Hodges and Cheryl Hodges*
*v.*
*Benefis Medical Group and John Does I-III*

4:19-cv-00046-GF-BMM

## PRELIMINARY INSTRUCTION NO. P-16

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I

will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the Court privately in response to this question, please notify a member of the Court's staff at the next break.  Thank you for your careful adherence to my instructions.

## PRELIMINARY INSTRUCTION NO. P-17

**Prior to First Break:**

We are about to take our first break during the trial. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and you are not allowed to permit others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including, but not limited to, Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial, including any online information.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

## PRELIMINARY INSTRUCTION NO. P-18

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [name of witness] was taken on [date].  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## PRELIMINARY INSTRUCTION NO. P-19

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial, in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## PRELIMINARY INSTRUCTION NO. P-20

Evidence will now be presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

FINAL INSTRUCTIONS

*Thomas Hodges and Cheryl Hodges*
*v.*
*Benefis Medical Group and John Does I-III*

4:19-cv-00046-GF-BMM

# INSTRUCTION NO. 1

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 2

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

>    Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

>    Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 3

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the Court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

# INSTRUCTION NO. 4

You have heard testimony from experts retained by the parties who testified to opinions and the reasons for those opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# INSTRUCTION NO. 5

A medical expert must testify to a reasonable degree of medical certainty. This standard means the medical expert's testimony is based upon an opinion that is more likely than not.

## INSTRUCTION NO. 6

Plaintiffs must present expert medical testimony to establish the following elements of negligence in a medical malpractice action:

1. The standard of care applicable to each defendant, unless the conduct complained of is readily understood by a layman;

2. A departure from the applicable standard of care by each defendant;

3. That the departure from the standard of care caused injury to Plaintiffs.

## INSTRUCTION NO. 7

The testimony of an expert is ordinarily required to establish the appropriate standard of care owed by a doctor to his/her patient. However, the law permits an exception where you, as lay persons, are able to say as a matter of common knowledge and observation that it is plain and obvious that the injury Tom Hodges has established could not have been sustained if due care had been exercised.

## INSTRUCTION NO. 8

A person qualified as an expert in one medical specialty or subspecialty is not qualified to testify with respect to a malpractice claim against a healthcare provider in another medical specialty or subspecialty unless there is a showing that the standards of care and practice in the two specialty or subspecialty fields are substantially similar.

## INSTRUCTION NO. 9

Every person is responsible for injury to the person of another, caused by his or her negligence.

Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if he or she fails to act as an ordinary prudent person would act under the circumstances.

## INSTRUCTION NO. 10

In determining whether a doctor was negligent in performing professional services the proper test is whether the doctor's performance met the accepted standards of skill and care at the time the services were provided.

## INSTRUCTION NO. 11

An incorrect diagnosis is not in and of itself sufficient to establish liability. The plaintiff must show that such mistake was due to failure to use ordinary care and diligence and to exercise reasonable learning, skill, and judgment in the physician's examination and treatment.

## INSTRUCTION NO. 12

It is the duty of a board-certified doctor to use that skill and learning ordinarily used in like cases by other doctors in good standing practicing in that same specialty and who hold the same national board certification.

The violation of this duty is negligence.

## INSTRUCTION NO. 13

A doctor who performs professional services which should be performed by a specialist has a duty to use the care and skill of a specialist in that field of medicine.

A failure to perform any such duty is negligence.

## INSTRUCTION NO. 14

It was the duty of Benefis Medical Group to obtain Tom Hodges's consent before treatment.

To obtain consent Benefis Medical Group, through its employee Rollin Bearss, M.D., was required to disclose all material facts relating to the proposed treatment so that the necessary consent to treatment can be based on an intelligent exercise of judgment. He must explain, in terms a layperson can understand, the nature of any significant risks that may be encountered as a result of the treatment. Treatment without consent renders Benefis Medical Group liable for any injury which resulted from the treatment.

**INSTRUCTION NO. 15**

If you find from expert medical evidence that a standard of practice existed among doctors as to the amount of information that a doctor would disclose to a patient such as Tom Hodges under the circumstances of this case, and if you also find from your evaluation of all the evidence that Benefis Medical Group failed to disclose to Tom Hodges the information required by such standard, the consent obtained from Tom Hodges was not an informed consent.

## INSTRUCTION NO. 16

Benefis Medical Group is liable for all damages caused by the negligence of its employee Rollin Bearss, M.D. while acting within the scope of his employment.

## INSTRUCTION NO. 17

Any act or omission of Rollin Bearss, M.D. is an act or omission of Benefis Medical Group.

## INSTRUCTION NO. 18

Benefis Medical Group's negligence is a cause of damage to Tom Hodges if it increases risk of harm to Tom Hodges or reduces Tom Hodges's chance for obtaining a better result.

## INSTRUCTION NO. 19

Benefis Medical Group is liable if its negligence was a cause of Tom Hodges's injury/damages.

Benefis Medical Group's conduct is a cause of Tom Hodges's injury/damages if it is a substantial factor in bringing it about.

## INSTRUCTION NO. 20

More than one person may be liable for causing an injury. Benefis Medical Group may not avoid liability by claiming that some other person helped cause the injury.

## INSTRUCTION NO. 21

The mere fact of injury, standing alone, is not proof of negligence against a physician in a medical malpractice action.

The law does not require that for every injury there must be a recovery of damages, but only imposes liability for a breach of a legal duty by a physician proximately causing injury to the plaintiff.

## INSTRUCTION NO. 22

In a civil case, such as this one, the party that makes a claim must prove that claim by the greater weight of the evidence, sometimes referred to as the preponderance of the evidence. This is called the burden of proof.

A party who has the burden of proof must persuade you by the evidence that his/her claim is more probably true than not true. In other words, the evidence supporting the propositions which a party has the burden of proving, must outweigh the evidence opposed to it. In determining whether a party has met this burden, you will consider all the evidence whether produced by the plaintiff or defendant.

## INSTRUCTION NO. 23

The plaintiff has the burden of proving:

1.  That the defendant was negligent.

2.  That the plaintiff was injured.

3.  That the defendant's negligence was a cause of the injury to the plaintiff.

4.  The amount of money that will compensate the plaintiff for his injury.

## INSTRUCTION NO. 24

An adverse result alone does not constitute evidence or raise a presumption or inference of negligence.

## INSTRUCTION NO. 25

You are instructed that your verdict cannot be based on speculation, conjecture, or guesswork. Therefore, if on any issue in this case you find that you must resort to speculation, conjecture, or guesswork in order to reach a verdict, then I instruct you that the person with the burden of proof has failed to sustain their burden of proof, and you must find against them on any such issue.

## INSTRUCTION NO. 26

Benefis Medical Group is liable for all damages caused by the negligence of its employee Rollin Bearss, M.D. while acting within the scope of his employment.

## INSTRUCTION NO. 27

If you find for Tom Hodges on the question of liability, then you must

determine the amount of money which will reasonably and fairly compensate Tom

Hodges for all loss caused by Benefis Medical Group, regardless of whether such

loss could have been anticipated.

## INSTRUCTION NO. 28

Your award should include reasonable compensation for any pain and suffering experienced and reasonably probable to be experienced in the future.

The law does not set a definite standard by which to calculate compensation for mental and physical pain and suffering. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for this kind of loss.  The law does require, however, that when making an award for pain and suffering, you shall exercise calm and reasonable judgment. The compensation must be just and reasonable.

## INSTRUCTION NO. 29

Your award should include reasonable compensation for any mental and emotional suffering and distress experienced by Tom Hodges and reasonably probable to be experienced in the future.

Mental and emotional suffering and distress passes under various names, such as mental anguish, nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.

The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for this kind of loss.  The law does require, however, that when making an award for mental and emotional suffering and distress, you shall exercise calm and reasonable judgment. The compensation must be just and reasonable.

**INSTRUCTION NO. 30**

Your award should include the reasonable value of any service, whether paid or not, which Tom Hodges would normally have performed for himself/herself or others, but can no longer perform.

## INSTRUCTION NO. 31

If you find for Plaintiffs on the questions of liability, then your award should include the reasonable value of purchases necessitated by the injury.

## INSTRUCTION NO. 32

If you find for the Plaintiffs on the questions of liability, then your award should include the reasonable value of necessary care, treatment, and services received and those reasonably probable to be required in the future, even if those services are furnished by a family member.

## INSTRUCTION NO. 33

If you find that Tom Hodges has been permanently injured or will continue to suffer in the future from his injuries, you may award Tom Hodges reasonable compensation for the impairment, if any, of his capacity to pursue an established course of life. This element of compensation is distinct from Tom Hodges's loss of earning capacity.

## INSTRUCTION NO. 34

Any compensation to which Tom Hodges is entitled should not be reduced simply because Tom Hodges was more susceptible to injury than a normally healthy person.

## INSTRUCTION NO. 35

If you find Benefis Medical Group is liable you may award damages for the loss or impairment of the marriage relation suffered by Tom Hodges. This relation includes the right of support, aid, protection, affection and society. If those rights have been lost or impaired by an injury to Tom Hodges, you should consider and assign values to them in reaching a separate verdict for Cheryl Hodges.

## INSTRUCTION NO. 36

You are permitted to award compensation only for future loss or harm which is reasonably certain to occur. Recovery cannot be denied for damages simply because they are difficult to determine.

## INSTRUCTION NO. 37

Your award should include the reasonable value of purchases necessitated by the injury.

## INSTRUCTION NO. 38

Your award should include the reasonable value of necessary care, treatment and services received and those reasonably probable to be required in the future.

## INSTRUCTION NO. 39

If you find for Hodges on the questions of liability, then you must adjust future economic losses to their present cash value.

Present cash value is a sum of money which, together with what that money may reasonably be expected to earn in the future, when invested at a reasonable rate of return, will produce the dollar equivalent of such future damages.

In arriving at present cash value, you may also consider the effect that inflation and increases in wages will have on offsetting the amounts that money will earn.

The only amounts to be adjusted to present cash value are future medical costs. The discount principles stated in this instruction do not apply to any other damages.

## INSTRUCTION NO. 40

If you find for Plaintiffs on the questions of liability, then you can determine the present cash value of future economic damage by use of the present value table which is attached. To use this table, you should take the following steps:

1. Determine the number of years from now that the future economic loss will continue, and locate that figure on the left-hand column of the table.

2. Choose a fair rate of interest on reasonably safe investments, and use the column headed up by that percentage rate for your further calculations.

3. Using the number of years and percentage rate of investment which you have determined, next ascertain the present value factor from the table.

4. Multiply the factor so determined times the amount of economic loss you determine will occur in each year.

The result will be the present amount which, invested at the determined rate of investment return, will pay at the end of each year the determined annual amount for the number of years you find that the loss will continue, and it will leave nothing at the end of that period.

The following is only an example to assist you in the proper use of the table. It is not to be construed as a suggestion by the court as to what numbers you should apply. For sake of example, assume that future economic losses will continue for 10 years. Also assume that a reasonable safe rate of investment return is

determined to be 6%.  Read across from the 10-year entry to the 6% column, and you find that the present value factor is 7.3601. Then assume that you find the future economic loss for each of those 10 years to be $10,000.00.  Now simply multiply the factor (7.3601) times the annual loss ($10,000.00), and you will find that the present value of $10,000.00 per year payable each year for 10 years is $73,601.00.

You, of course, should use your judgment in determining which time period, interest rate and annual loss most justly fit the facts of the case before you.

## PRESENT VALUE CALCULATION

| Years | 1% | 1 ½% | 2% | 2 ½% | 3% | 3 ½% | 4% | 6% | 8% | 10% | 12% | 14% |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | .9901 | .9852 | .9804 | .9758 | .9709 | .9815 | .9524 | .9434 | .9259 | .9091 | .8529 | .8772 |
| 2 | 1.9704 | 1.9559 | 1.9418 | 1.9274 | 1.9135 | 1.8851 | 1.8594 | 1.8334 | 1.7833 | 1.7355 | 1.6901 | 1.6487 |
| 3 | 2.9410 | 2.9122 | 2.8839 | 2.8560 | 2.8286 | 2.7751 | 2.7232 | 2.6730 | 2.5771 | 2.4869 | 2.4018 | 2.3216 |
| 4 | 3.9020 | 3.8544 | 3.8077 | 3.7620 | 3.7171 | 3.6299 | 3.5459 | 3.4651 | 3.3121 | 3.1699 | 3.0373 | 2.9137 |
| 5 | 4.8534 | 4.7826 | 4.7135 | 4.6458 | 4.5797 | 4.4518 | 4.3295 | 4.2124 | 3.9927 | 3.7908 | 3.6048 | 3.4331 |
| 6 | 5.7955 | 5.6972 | 5.6014 | 5.5081 | 5.4172 | 5.2421 | 5.0757 | 4.9173 | 4.6229 | 4.3553 | 4.1114 | 3.8887 |
| 7 | 6.7282 | 6.5982 | 6.4720 | 6.3494 | 6.2303 | 6.0021 | 5.7863 | 5.5824 | 5.2064 | 4.8684 | 4.5638 | 4.2883 |
| 8 | 7.6517 | 7.4859 | 7.3255 | 7.1701 | 7.0197 | 6.7327 | 6.4632 | 6.2098 | 5.7466 | 5.3349 | 4.9676 | 4.6389 |
| 9 | 8.5660 | 8.3605 | 8.1622 | 7.9709 | 7.7851 | 7.4353 | 7.1078 | 6.8017 | 6.2469 | 5.7590 | 5.3282 | 4.9464 |
| 10 | 9.4713 | 9.2222 | 8.9828 | 8.7521 | 8.5302 | 8.1109 | 7.7217 | 7.3601 | 6.7101 | 6.1446 | 5.6502 | 5.2161 |
| 11 | 10.3676 | 10.0711 | 9.7868 | 9.5142 | 9.2526 | 8.7605 | 8.3064 | 7.8869 | 7.1390 | 6.4951 | 5.9377 | 5.4527 |
| 12 | 11.2551 | 10.9075 | 10.5753 | 10.2578 | 9.9540 | 9.3851 | 8.8632 | 8.3838 | 7.5361 | 6.8137 | 6.1944 | 5.6603 |
| 13 | 12.1337 | 11.7315 | 11.3484 | 10.9832 | 10.6350 | 9.9856 | 9.3935 | 8.8527 | 7.9038 | 7.1034 | 6.4235 | 5.8424 |
| 14 | 13.0037 | 12.5434 | 12.1062 | 11.6909 | 11.2961 | 10.5631 | 9.8986 | 9.2950 | 8.2442 | 7.3667 | 6.6282 | 6.0021 |
| 15 | 13.8651 | 13.3432 | 12.8493 | 12.3814 | 11.9379 | 11.1184 | 10.3796 | 9.7122 | 8.5595 | 7.6061 | 6.8109 | 6.1422 |
| 16 | 14.7179 | 14.1313 | 13.5777 | 13.0550 | 12.5611 | 11.6523 | 10.8377 | 10.1059 | 8.8514 | 7.6237 | 6.9740 | 6.2651 |
| 17 | 15.5623 | 14.9076 | 14.2919 | 13.7122 | 13.1661 | 12.1657 | 11.2740 | 10.4773 | 9.1216 | 8.0216 | 7.1196 | 6.3729 |
| 18 | 16.3983 | 15.6726 | 14.9920 | 14.3534 | 13.7535 | 12.6593 | 11.6895 | 10.8276 | 9.3719 | 8.2014 | 7.2497 | 6.4674 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 17.2260 | 16.4262 | 15.6785 | 14.9789 | 14.3238 | 13.1339 | 12.0853 | 11.1581 | 9.6036 | 8.3649 | 7.3658 | 6.5504 |
| 20 | 18.0456 | 17.1686 | 16.3514 | 15.5892 | 14.8775 | 13.5903 | 12.4622 | 11.4699 | 9.8181 | 8.5136 | 7.4694 | 6.6231 |
| 21 | 18.8570 | 17.9001 | 17.0112 | 16.1845 | 15.4150 | 14.0292 | 12.8211 | 11.7640 | 10.0168 | 8.6487 | 7.5620 | 6.6870 |
| 22 | 19.6604 | 18.6208 | 17.6580 | 16.7654 | 15.9369 | 14.4511 | 13.1630 | 12.0416 | 10.2007 | 8.7715 | 7.6446 | 6.7429 |
| 23 | 20.4558 | 19.3309 | 18.2922 | 17.3321 | 16.4436 | 14.8568 | 13.4885 | 12.3034 | 10.3711 | 8.8832 | 7.7164 | 6.7921 |
| 24 | 21.2434 | 20.0304 | 18.9139 | 17.8850 | 16.9355 | 15.2486 | 13.7986 | 12.5504 | 10.5288 | 8.9847 | 7.7843 | 6.8351 |
| 25 | 22.0232 | 20.7195 | 19.5235 | 18.4244 | 17.4131 | 15.6221 | 14.0939 | 12.7834 | 10.6748 | 9.0770 | 7.8431 | 6.8729 |
| 26 | 22.7952 | 21.3986 | 20.1210 | 18.9506 | 17.8768 | 15.9828 | 14.3752 | 13.0032 | 10.8100 | 9.1609 | 7.8957 | 6.9061 |
| 27 | 23.5596 | 22.0676 | 20.7069 | 19.4640 | 18.3270 | 16.3296 | 14.6430 | 13.2105 | 10.9352 | 9.2372 | 7.9426 | 6.9352 |
| 28 | 24.3164 | 22.7267 | 21.2813 | 19.9649 | 18.7641 | 16.6631 | 14.8981 | 13.4062 | 11.0511 | 9.3066 | 7.9844 | 6.9607 |
| 29 | 25.0658 | 23.3761 | 21.8444 | 20.4535 | 19.1885 | 16.9837 | 15.1411 | 13.5907 | 11.1584 | 9.3696 | 8.0218 | 6.9830 |
| 30 | 25.8077 | 24.0158 | 22.3965 | 20.9303 | 19.6004 | 17.2920 | 15.3725 | 13.7648 | 11.2578 | 9.4269 | 8.0552 | 7.0027 |
| 31 | 26.5423 | 24.6461 | 22.9377 | 21.3954 | 20.0004 | 17.5885 | 15.5928 | 13.9291 | 11.3498 | 9.4790 | 8.0850 | 7.0199 |
| 32 | 27.2696 | 25.2671 | 23.4683 | 21.8492 | 20.3888 | 17.8736 | 15.8027 | 14.0840 | 11.4350 | 9.5264 | 8.1116 | 7.0350 |
| 33 | 27.9897 | 25.8790 | 23.9886 | 22.2919 | 20.7658 | 18.1476 | 16.0025 | 14.2302 | 11.5139 | 9.5694 | 8.1354 | 7.0482 |
| 34 | 28.7027 | 26.4817 | 24.4986 | 22.7238 | 21.1318 | 18.4112 | 16.1929 | 14.3681 | 11.5869 | 9.6086 | 8.1566 | 7.0599 |
| 35 | 29.4086 | 27.0756 | 24.9986 | 23.1452 | 21.4872 | 18.6646 | 16.3742 | 14.4982 | 11.6546 | 9.6442 | 8.1755 | 7.0700 |
| 36 | 30.1075 | 27.6607 | 25.4888 | 23.5563 | 21.8323 | 18.9083 | 16.5469 | 14.6210 | 11.7172 | 9.6765 | 8.1924 | 7.0790 |
| 37 | 30.7995 | 28.2371 | 25.9695 | 23.9573 | 22.1672 | 19.1426 | 16.7113 | 14.7368 | 11.7752 | 9.7059 | 8.2075 | 7.0868 |
| 38 | 31.4847 | 28.8051 | 26.4406 | 24.3486 | 22.4925 | 19.3679 | 16.8679 | 14.8460 | 11.8289 | 9.7327 | 8.2210 | 7.0937 |

| 39 | 32.1630 | 29.3646 | 26.9026 | 24.7303 | 22.8082 | 19.5845 | 17.0170 | 14.9491 | 11.8786 | 9.7570 | 8.2330 | 7.0997 |
|----|---------|---------|---------|---------|---------|---------|---------|---------|---------|--------|--------|--------|
| 40 | 32.8347 | 29.9158 | 27.3555 | 25.1028 | 23.1148 | 19.7928 | 17.1591 | 15.0463 | 11.9246 | 9.7791 | 8.2438 | 7.1050 |
| 41 | 33.4997 | 30.4590 | 27.7995 | 25.4661 | 23.4124 | 19.9931 | 17.2944 | 15.1380 | 11.9672 | 9.7991 | 8.2534 | 7.1097 |
| 42 | 34.1581 | 30.9941 | 28.2348 | 25.8206 | 23.7014 | 20.1856 | 17.4232 | 15.2245 | 12.0067 | 9.8174 | 8.2619 | 7.1138 |
| 43 | 34.8100 | 31.5212 | 28.6616 | 26.1664 | 23.9819 | 20.3708 | 17.5459 | 15.3062 | 12.0432 | 9.8340 | 8.2696 | 7.1173 |
| 44 | 35.4555 | 32.0406 | 29.0800 | 26.5038 | 24.2543 | 20.5488 | 17.6628 | 15.3832 | 12.0771 | 9.8491 | 8.2764 | 7.1205 |
| 45 | 36.0945 | 32.5523 | 29.4902 | 26.8330 | 24.5187 | 20.7200 | 17.7741 | 15.4558 | 12.1084 | 9.8628 | 8.2825 | 7.1232 |
| 46 | 36.7272 | 33.0565 | 29.8923 | 27.1542 | 24.7754 | 20.8847 | 17.8801 | 15.5244 | 12.1374 | 9.8753 | 8.2880 | 7.1256 |
| 47 | 37.3537 | 33.5532 | 30.2866 | 27.4675 | 25.0247 | 21.0429 | 17.9810 | 15.5890 | 12.1643 | 9.8866 | 8.2928 | 7.1277 |
| 48 | 37.9740 | 34.0426 | 30.6731 | 27.7732 | 25.2667 | 21.1951 | 18.0772 | 15.6500 | 12.1891 | 9.8969 | 8.2972 | 7.1296 |
| 49 | 38.5881 | 34.5247 | 31.0521 | 28.0714 | 25.5017 | 21.3415 | 18.1687 | 15.7076 | 12.2122 | 9.9063 | 8.3010 | 7.1312 |
| 50 | 39.1961 | 34.9997 | 31.4235 | 28.3623 | 25.7298 | 21.4822 | 18.2559 | 15.7619 | 12.2335 | 9.9148 | 8.3045 | 7.1327 |

**INSTRUCTION NO. 41**

It is the duty of the Court to instruct you about the measure of damages, if any.  By instructing you on damages, the Court does not mean to suggest you must award damages or for which party your verdict should be rendered.  Your verdict must be based upon evidence and not upon speculation, guesswork, or conjecture.

**INSTRUCTION NO. 42**

If you award compensatory damages, the compensatory damages must be clearly ascertainable in both nature and origin.  Damages which are a matter of mere speculation cannot be awarded.  The amount of compensatory damages must be reasonably certain.

Compensatory damages must be reasonable.  If you should find that Plaintiffs are entitled to a verdict, you may compensate them only for such injury as you find was caused by negligent conduct.

## INSTRUCTION NO. 43

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.